IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SUSAN MARPLE, individually and as purported class representative, and STEPHANIE WORRELL, individually and as a purported class representative, | ) ) ) ) | Case No. 10-CV-00954 10-CV-00955 10-CV-00956 |
| Plaintiffs, | ) ) | 10-CV-00957 10-CV-00958 |
| v. | ) ) | 10-CV-00959 10-CV-00960 |
| T-MOBILE CENTRAL LLC, | ) ) | 10-CV-00961 10-CV-00962 |
| Defendant. | ) ) | 10-CV-00963 |

**PLAINTIFFS' REPLY TO DEFENDANT'S SUGGESTIONS IN
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Plaintiffs did not artificially structure ten lawsuits by breaking them into time periods so as to avoid the CAFA jurisdictional amount. Rather, Plaintiffs undisputably filed ten separate lawsuits because T-Mobile filed ten separate lawsuits. It so happens that each of the ten lawsuits filed by T-Mobile have less than $5 million in controversy, a fact which T-Mobile does not dispute. Plaintiffs took the ten separate T-Mobile lawsuits like they found them. That is not, as T-Mobile argue, "gaming the system." T-Mobile's argument that "it was totally illogical for Plaintiffs to break up their claims into ten separate petitions," Suggestions In Opposition at 8, while showing the lengths to which T-Mobile must go to defeat remand, ignores the obvious logic of following the same structure employed by T-Mobile. The basis for Plaintiffs filing separate lawsuits is not frivolous.[1]

---

[1] As used in this Reply, the term "Plaintiffs" refers to the named representative Plaintiffs unless the context indicates otherwise.

In *Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405 (6th Cir. 2008), the court recognized that frustrating CAFA jurisdiction was permissible if there is some other colorable basis for dividing up lawsuits into separate time periods. *Id*. at 408. In *Profitt v. Abbott Laboratories*, 2008 WL 4401367 (E.D. Tenn. 2008), the court treated separate lawsuits as a single lawsuit because filing multiple lawsuits was "based on completely arbitrary time periods, " *id* at *5, and the time divisions on which the separate lawsuits were based had no justifiable basis other than to defeat CAFA jurisdiction, *id* at *2. Neither *Freeman* nor *Proffitt* support the proposition that avoiding CAFA jurisdiction is improper and requires remand when there is some colorable basis for filing separate lawsuits. T-Mobile argues that remand is inappropriate because avoiding CAFA jurisdiction was the only purpose behind Plaintiffs filing separate lawsuits and that the structure selected by T-Mobile was simply an "excuse." Suggestions In Opposition at 9. "Colorable basis" is not, as T-Mobile's argument requires, determined by evaluating Plaintiffs' subjective intent. Viewed objectively, a colorable basis for Plaintiffs' decision to file separate lawsuits exists to address concerns for possible differences among the various underlying T-Mobile lawsuits. T-Mobile has the burden of establishing federal jurisdiction and any doubt is to be resolved in favor of remand. See Motion To Remand. Even in the context of CAFA removal and the policy underlying CAFA, a court should "construe removal jurisdiction strictly and resolve doubts in favor of remand." *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 336 n.5 (4th Cir. 2008), *cert. denied*, 129 S.Ct. 2826 (2009). Thus, any doubt as to whether Plaintiffs had a colorable basis for filing separate lawsuits must be resolved against T-Mobile and in favor of remand.

T-Mobile argues that its motivation for filing separate tax protest lawsuits makes

2

those filings not a colorable basis for Plaintiffs filing separate lawsuits.  T-Mobile argues it was legally compelled to structure the underlying lawsuits as it did.  T-Mobile does not explain how that motivation makes Plaintiffs' basis for filing separate lawsuits not colorable.[2]  T-Mobile admits that while the main issues to be litigated in each of its underlying cases would be generally same, it recognizes that there are "some procedural differences in some of the cases." Suggestions In Opposition, Ex. 1 at 3.  Given T-Mobile's alleged concern about compliance with the procedural requirements in Mo. Rev. Stat. § 139.031, and in particular timeliness of filing the underlying lawsuits, it makes sense that Plaintiffs would file separate cases in the event those procedural differences turn out to be outcome determinative.  T-Mobile admits that the parties are not the same in each of the underlying suits and that the explanation for different parties is that T-Mobile had a concern that in some of the cases the proper party was not sued as required under § 139.031 and the municipalities might raise that defense.  Suggestions In Opposition, Ex. 4 at 2-3.  A concern that claims for some time periods are subject to that type of defense while

---

[2] T-Mobile's argument that it was legally required to file lawsuits as it did and had no other choice but to file separate lawsuits to address Mo. Rev. Stat. § 139.031's 90 day limitation period is not accurate.  One municipality, Grain Valley, assessed an annual "telephone tax," while others imposed a monthly "telephone tax" and still others imposed a quarterly "telephone tax."  See e.g. Motion To Remand Ex. A.  T-Mobile could have paid tax to Grain Valley once a year and filed a lawsuit ninety days thereafter.  T-Mobile did not need to sue Grain Valley in increments of ninety days or less.  In at least one instance, T-Mobile filed a lawsuit based on two separate protest taxes payments for two months, and in another instance T-Mobile filed a lawsuit based on a single protest tax payment covering a three-month period.  Compare Ex. H to Motion To Remand with Ex. B to Motion to Remand.  T-Mobile recognizes that it could have filed separate lawsuits against the various municipalities, but it chose to not do so for "administrative convenience."  Suggestions In Opposition, Ex. 1 at 2 n.1.  Had it been motivated to do so, T-Mobile could have chosen to not pay the tax under protest and forced the various municipalities to sue it, or T-Mobile could have not paid the tax under protest and filed a single declaratory judgment action.  T-Mobile elected a different strategy, and that strategy required it to file separate lawsuits.  T-Mobile should be forced to live with the consequences of that decision.

3

claims for other time periods are not subject to that type of defense is a colorable basis for Plaintiffs filing cases as they did by basing each of their cases on a particular T-Mobile underlying lawsuit.

T-Mobile is correct that Plaintiffs could have filed a single lawsuit, just like T-Mobile could have elected to not pay the tax and file a single case for a declaratory judgment. The rule on which *Freeman* and *Proffitt* is based does not, however, require a Plaintiff to elect that approach which confers CAFA jurisdiction when another colorable approach exists which does not confer CAFA jurisdiction. Plaintiffs are free to define a class "so as to avoid federal jurisdiction under CAFA." *Johnson v. Advance America*, 549 F.3d 932, 937 (4th Cir. 2008). Plaintiffs should not be forced to treat these various class actions as a single class action when there are differences among the cases. T-Mobile argues that the only difference among Plaintiffs various cases is the time period at issue, but that argument ignores the fact that each of Plaintiffs' cases is specifically based on one of T-Mobile's underlying cases, and there are differences in the parties in those underlying cases. In that respect, this case is unlike *Freeman* which involved "identical" complaints save for different time periods. 551 F.3d at 407. Also, in *Freeman* the Plaintiffs were three-hundred landowners and the court found that the cases at issue involved the "same class of plaintiffs." *Id.* at 406. T-Mobile's attempt to make this case like *Freeman* by suggesting that each of Plaintiffs lawsuits involves the same class of plaintiffs because customers did not leave and join T-Mobile on a regular basis is not credible.

T-Mobile suggests that the fact less than all of the underlying cases were consolidated has some bearing on this court's analysis of a "colorable basis." Suggestions In Opposition at 8. As T-Mobile notes, its motion to consolidate was not opposed, so little should

4

be taken from the fact the motion was granted. More importantly, neither T-Mobile's motion to consolidate nor the court's consolidation order specifies if the consolidation was under Mo. R. Civ. P. 66.01(a) or 66.01(b). See Suggestions In Opposition, Ex. 1 and Ex. 2. From the court's consolidation order, one cannot conclude that T-Mobile's underlying actions are in fact a single action. *See Moss v. Home Depot USA, Inc*., 988 S.W.2d 627, 630 (Mo. Ct. App. 1999). What T-Mobile's motion to consolidate its underlying cases does illustrate is that it chose to not seek consolidation of Plaintiffs separate lawsuits filed in Jackson County Circuit Court and letting that court pass on whether these cases should be treated as a single action. Yet, T-Mobile bases its removal solely on the basis that Plaintiffs' separate lawsuits should be treated as a single action. In conclusion, Plaintiffs have a colorable basis for filing multiple class actions that essentially track the multiple tax protest lawsuit structure T-Mobile chose to employ. Plaintiffs did not choose random time periods to avoid CAFA jurisdiction. These cases should be remanded.

ROUSE HENDRICKS GERMAN MAY PC
By:____/s/ Kirk T. May_____
    Kirk T. May        #31657
    William D. Beil     #33922
    ROUSE HENDRICKS GERMAN MAY PC
    1201 Walnut Street, 20th Floor
    Kansas City, MO 64106
    Telephone: (816) 471-7700
    Facsimile: (816) 471-2221
    Attorneys for Plaintiffs

5

Case 4:10-cv-00954-NKL   Document 19   Filed 12/20/10   Page 5 of 6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of December, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/* Kirk T. May
Attorney for Plaintiffs